IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARTHUR ARCHIBALD,              )
                                            )
       Plaintiff,            )
                                              )     No. 02 C 9108
     v.                    )
                                            )     Judge Aspen
MICHAEL J. ASTRUE, Commissioner   )
of the Social Security Administration, [1]   )
                                              )
       Defendant.         )

AGREED MOTION FOR ENTRY OF JUDGMENT

Now comes the plaintiff, Arthur Archibald, by his attorneys, Robert C. Kielian and M.
Jacqueline Walther, and moves that this Court enter judgment in this cause. In support of this
motion, plaintiff states as follows:

1. This cause was before the court on plaintiff's complaint seeking judicial review of a
decision of the defendant, the Commissioner of the Social Security Administration (SSA),
denying an application for Disability Insurance Benefits (DIB) that Mr. Archibald filed on or
about June 14, 2000.

2. The parties, by their attorneys, entered into an agreement that the case should be
remanded by the court under sentence six of 42 U.S.C. §405(g). An agreed motion for remand
was filed on May 13, 2003. The court entered an order, on May 14, 2003, granting the agreed
motion and remanding the case to SSA for further proceedings.

---

[1] On February 1, 2007, Michael J. Astrue was confirmed as the Commissioner of the Social Security Administration.
In accordance with Fed. R. Civ. P. Rule 25(d)(1) and the last sentence of 42 U.S.C. §405(g), Michael J. Astrue is,
therefore, automatically substituted as the defendant in this civil action, and no further action is necessary to
continue this case.

3.  When a case is remanded under sentence six of 42 U.S.C. §405(g), the court retains jurisdiction of the cause.  See Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

4.  On November 19, 2002, Mr. Archibald re-applied for DIB. [2] That application was denied initially and on reconsideration; Mr. Archibald requested a hearing in that matter on or about August 13, 2003.

5.  On March 10, 2004, the Appeals Council of SSA issued an order effectuating the Court remand order.  In its order, the Appeals Council directed that Mr. Archibald's two cases be consolidated.

6.  In the subsequent proceedings, an administrative law judge (ALJ) issued an unfavorable decision.  However, counsel for Mr. Archibald filed exceptions to that decision and, on April 11, 2008, the Appeals Council of SSA remanded the case for further proceedings before another ALJ.

7.  In the proceedings on remand, Mr. Archibald and his attorney agreed to amend his alleged onset date to December 31, 2005, and, on April 20, 2009, an ALJ issued a decision finding Mr. Archibald disabled since that date. [3]

8.  The parties agree that the ALJ decision of April 20, 2009 is the final decision of SSA in this cause.

9.  Mr. Archibald respectfully requests that this Court now issue judgment in his favor in this case, in order to conclude the case in the court system.

---

[2] At that time, the Appeals Council had denied review in the case involving the June 2000 application, but the federal court case had not yet been filed.

[3] In the interests of Mr. Archibald's privacy, the ALJ's decision and the previously-described SSA documents are not attached to this motion.  Copies of the Appeals Council remand orders and the ALJ decisions issued following the Court's sentence six remand order have been provided to Anne Madden, f/k/a Anne Lipnitz, one of the attorneys for SSA.

10.  On June 5, 2009, counsel for plaintiff, M. Jacqueline Walther, spoke by telephone with one of the defendant's attorneys, Assistant Regional Counsel for SSA, Anne Madden, who stated that she did not object to this motion.  Subsequently, Ms. Walther communicated via e-mail with defendant's other attorney, Assistant United States Attorney Jack Donatelli.  In an e-mail sent on June 22, 2009, Mr. Donatelli indicated that he did not object to this motion.

Wherefore, plaintiff requests that the Court enter judgment in his favor, noting the finding that he has been disabled since December 31, 2005.

Respectfully submitted,

/s/ M. Jacqueline Walther
One of plaintiff's attorneys

Robert C. Kielian
M. Jacqueline Walther
Kielian and Walther
33 West Jackson Blvd., Suite 201
Chicago, Illinois  60604
(312) 663-0842

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was served on June 24, 2009, in accordance with Fed. R. Civ. P. 5, Local R. 5.5, and the General Order on Electronic Case Filing pursuant to the court's electronic case filing (ECF) system as to ECF filers, and, by the next business day, served by first class mail as to non-ECF filers, with a paper copy delivered to the Court by the next business day.

/s/ M. Jacqueline Walther